**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH CHEHOVA, on behalf of himself and all others similarly situated,<br><br>                 Plaintiffs,<br><br>-against-<br><br>CAPIO PARTNERS, LLC,<br><br>                 Defendant. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joseph Chehova ("Plaintiff") is a New York resident who brings this action against Defendant Capio Partners, LLC ("Defendant"), both on an individual basis and on the behalf of all others similarly situated pursuant to Fed. R. Civ. P. Rule 23, and based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, alleges as follows:

**PRELIMINARY STATEMENT**

1. In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.*; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id.*; § 1692k.

3. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 91 (2d Cir. 2008).

4. In determining whether a collection letter violates the FDCPA, courts in the Second Circuit apply the "least sophisticated consumer standard." *Jacobson*, 516 F.3d at 91. In applying this standard, it is not relevant whether the particular debtor was confused by the communication that was received. *See Jacobson,* 516 F.3d at 91.

5. Under the least sophisticated consumer standard, a collection letter violates the FDCPA where the letter contains language that is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

6. In recovering damages under the FDCPA, a consumer need not show that the conduct or communication made by the debt collector was intentional. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 1993). Rather, the FDCPA is a strict liability statute, and a single violation is sufficient to establish civil liability against the debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir 1993).

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

9. Plaintiff is a natural person and a resident of Brooklyn, New York.

10. Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11. Upon information and belief, Defendant's principal place of business is in Sherman Texas, and address for services of process is CT Corporation System, 28 Liberty Street, New York, NY 10005.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

(a) all individuals with addresses in the county of Kings;

(b) to whom Defendant sent an initial communication substantially and materially similar to the collection letter sent to Plaintiff;

(c) which contained multiple addresses for Defendant;

(d) that failed to instruct the consumer as to which of the addresses provided written disputes must be sent; and

(e) which was sent on or after a date one (1) year prior to the filing of this action.

16. Excluded from the Class are Defendant and all officers, members, partners, managers, directors, and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests

which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

19. Depending on the outcome of further investigation and discovery, Plaintiff reserves the right to amend the class definition.

## STATEMENT OF FACTS

20. Some time prior to January 2, 2019, an alleged debt was incurred by Plaintiff to Aventura Hospital and Medical Center ("Aventura").

21. The alleged debt owed to Aventura was for medical services rendered and therefore arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

22. The alleged Aventura obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. Aventura is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. At an exact time known only to Defendant, the alleged debt was assigned or

5

otherwise transferred to Defendant for collection.

25. On or about August 17, 2020, Defendant sent a collection letter (the "Letter") to Plaintiff regarding the alleged debt. *See* Exhibit A.

26. Plaintiff received the letter and read it.

27. Upon information and belief, the Letter was the first communication between Plaintiff and Defendant regarding the alleged debt.

28. Defendant's Letter to Plaintiff contains multiple addresses for Defendant.

29. The first address belonging to Defendant is found directly beneath their name and logo in the upper-left corner of the letter and is located at 2222 Texoma Parkway in Sherman Texas.

30. The second address belonging to Defendant is located below, on the righthand side of the page, directly beneath a dotted line demarcating a detachable payment coupon and is listed as follows:

> Capio Partners, LLC
> P.O. Box 1378
> Sherman, TX 75091

31. There is third address on the letter, found on the detachable payment coupon in the upper righthand portion and listed as follows:

> DEPT 373
> PO BOX 4115
> CONCORD CA 94524

32. The Letter contains the statutorily mandated validation notice, which among other things provides Plaintiff with 30 days to dispute the validity of the alleged debt in order to obtain verification.

33. According to the validation notice, in order to exercise his right to obtain

6

verification of the alleged debt, or a copy of a judgment, Plaintiff must notify "this office" writing.

33. The Letter does not designate any of the addresses listed as the proper recipient for dispute or validation correspondence.

34. When Plaintiff searched for Defendant's office address on Google, the search engine result page prominently displays Defendant's name alongside an address in Lawrenceville, Georgia– an address not listed on the Letter.

35. Plaintiff became uncertain and confused as to which address he should mail a dispute of his debt or request for validation.

36. Plaintiff believed the phone number listed on the Letter was provided for consumers who wished to pay the outstanding balance of the alleged debt. Plaintiff did not desire to call Defendant and initiate a dialogue with a trained debt collection representative. Plaintiff therefore consulted with an attorney to determine his best course of action with regards to the alleged debt.

37. A lack of clear direction as to where to mail a written dispute, a request for verification of the debt (or a copy of a judgment), or a request for the name of the original creditor is likely to discourage the least sophisticated consumer from taking any steps at all because it is frightening to call and initiate a verbal dialogue with a trained, aggressive, and persistent debt collection representative.

38. As a result of the foregoing, the least sophisticated consumer would likely be uncertain and confused as to their rights under 15 U.S.C. § 1692g.

39. A defective collection letter that violates 15 U.S.C. § 1692g because it renders the validation notice ineffective also violates 15 U.S.C. § 1692e because the letter would then be open to more than one reasonable interpretation of where to send written disputes, requests for verification of a debt, and requests for the name of the original creditor.

41. The least sophisticated consumer could read the Letter and reasonably be uncertain as to which address written correspondence must be sent in the course of properly exercising their rights under 15 U.S.C. § 1692g.

42. None of the addresses listed on the Letter are explicitly marked or otherwise described as an "office address" or a "mailing address."

43. The least sophisticated consumer could interpret the Letter to mean that he should send written disputes or other correspondence related to the exercise of his Validation Rights to the P.O. Box 1378 address.

44. The least sophisticated consumer could interpret the Letter to mean that he should send written disputes or other correspondence related to the exercise of his Validation Rights to the Texoma Parkway address.

45. Defendant's direction regarding the mailing of correspondence was both vague and uncertain since only one of the addresses listed on the Letter could potentially be "this office" as described in the validation notice, but not both.

46. As a result of the foregoing, the Letter is reasonably susceptible to more than one reasonable interpretation in the eyes of the least sophisticated consumer.

47. As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

50. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosure of Plaintiff's right to dispute his debt pursuant to 15 U.S.C. § 1692g(a)(3).

51. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosure of Plaintiff's right to receive verification of the debt or a copy of a judgement pursuant to 15 U.S.C. § 1692g(a)(4).

52. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing Plaintiff's right to request the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(5).

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56. Defendant violated said section by sending Plaintiff a collection letter that:

   a. Is open to more than one reasonable interpretation by the least sophisticated consumer in violation of 15 U.S.C § 1692e(10);

   b. Is reasonably susceptible to an inaccurate reading by the least sophisticated consumer in violation of 15 U.S.C § 1692e(10);

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's

9

conduct violated § 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: August 25, 2020         **COHEN & MIZRAHI LLP**

/s/ Jonathan B. Weiss
JONATHAN B. WEISS
JOSEPH H. MIZRAHI
JONATHAN B. WEISS
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
joseph@cml.legal
jonathan@cml.legal

*Attorneys for Plaintiff*