UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (BROOKLYN)

| | |
|---|---|
| JOSEPH CHEHOVA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-vs-<br><br>CAPIO PARTNERS, LLC,<br><br>Defendant. | Civil Action No.: 1:20-cv-03942-WFK-JO |

## CAPIO PARTNERS, LLC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Capio Partners, LLC ("Capio"), by and through counsel and pursuant to the Federal Rules of Civil Procedure, and submits this answer and affirmative defenses to the class action complaint filed by plaintiff, Joseph Chehova, and states:

## PRELIMINARY STATEMENT

1. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 1 state otherwise, they are denied as calling for a legal conclusion.

2. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 2 state otherwise, they are denied as calling for a legal conclusion.

3. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 3 state otherwise, they are denied as calling for a legal conclusion.

4. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 4 state otherwise, they are denied as calling for a legal conclusion.

5. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 5 state otherwise, they are denied as calling for a legal conclusion.

6. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 6 state otherwise, they are denied as calling for a legal conclusion.

## JURISDICTION & VENUE

7. Capio denies the allegations in ¶ 7 as calling for a legal conclusion. Capio leaves all matters of jurisdiction to the Court.

8. Capio denies the allegations in ¶ 8 as calling for a legal conclusion. Capio leaves all matters of venue to the Court.

## PARTIES

9. Capio admits plaintiff is a natural person, upon information and belief, and is a resident of the State of New York. Except as specifically admitted, Capio denies the allegations in ¶ 9.

10. Capio denies the allegations in ¶ 10 as calling for a legal conclusion.

11. Capio admits that it has an office located in Sherman, Texas and a registered agent in the State of New York. Except as specifically admitted, Capio denies the allegations in ¶ 11.

12. Capio admits only that part of its business involves the collection of unpaid accounts and obligations, and that it uses the mail and telephone in its business activities, but otherwise denies the allegations in ¶ 12. Except as specifically admitted, Capio denies the allegations in ¶ 12.

13. Capio denies the allegations in ¶ 13 as calling for a legal conclusion.

## CLASS ALLEGATIONS

14. Capio admits only that plaintiff purports to bring this action as a class action, but denies it meets the requirements of Fed. R. Civ. P. 23.

15. Capio admits only that plaintiff purports to define the class in ¶ 15, but denies the allegations in ¶ 15 and further denies that this lawsuit meets the requirements of Rule 23.

16. Capio admits only that plaintiff purports to exclude from the Class those individuals and entities outlined in ¶ 16, but denies the allegations in ¶ 16 and further denies that this lawsuit meets the requirements of Rule 23

17. Capio denies the allegations in ¶ 17, including all sub-parts, and further denies that this lawsuit meets the requirements of Rule 23.

18. Capio denies the allegations in ¶ 18 and further denies that this lawsuit meets the requirements of Rule 23.

19. Capio denies the allegations in ¶ 19 and further denies that this lawsuit meets the requirements of Rule 23.

## STATEMENT OF FACTS

20. Capio admits only that plaintiff incurred an obligation to his creditor, upon information and belief.

21. Capio denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

22. Capio denies the allegations in ¶ 22 as calling for a legal conclusion.

23. Capio denies the allegations in ¶ 23 as calling for a legal conclusion.

24. Capio admits only that an unpaid Aventura account in plaintiff's name was placed with it for collection. Except as specifically admitted, Capio denies the allegations in ¶ 24.

25. Capio admits only that it sent to plaintiff the letter referenced in ¶ 25 and attached as Exhibit A, and that the letter speaks for itself and is the best evidence of its contents. Except as specifically admitted, Capio denies the allegations in ¶ 25.

26. Capio denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein.

27. Capio admits only that the referenced letter is the first letter it sent to plaintiff regarding the account. Except as specifically admitted, Capio denies the allegations in ¶ 27.

28. The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 28 state otherwise, they are denied.

29. The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 29 state otherwise, they are denied.

30. The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 30 state otherwise, they are denied.

31. The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 31 state otherwise, they are denied.

32. The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 32 state otherwise, they are denied.

33. The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 33 state otherwise, they are denied.

34. The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 34 state otherwise, they are denied.

35. Capio denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein and leaves plaintiff to his proofs.

36. Capio denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

37. Capio denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

38. Capio denies the allegations in ¶ 38 as written and as calling for a legal conclusion.

39. Capio denies the allegations in ¶ 39.

40. Capio denies the allegations in ¶ 40 as written and as calling for a legal conclusion.

41. Capio denies the allegations in ¶ 41.

42. The Letter speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

43. Capio denies the allegations in ¶ 43 for lack of knowledge or information sufficient to form a belief therein.

44. Capio denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein.

45. Capio denies the allegations in ¶ 45 as written.

46. Capio denies the allegations in ¶ 46.

47. Capio denies the allegations in ¶ 47.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g *et seq.*

48. Capio reasserts the foregoing as if fully incorporated herein.

49. Capio denies the allegations in ¶ 49.

50. Capio denies the allegations in ¶ 50.

51. Capio denies the allegations in ¶ 51.

52. Capio denies the allegations in ¶ 52.

53. Capio denies the allegations in ¶ 53.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq.*

54. Capio reasserts the foregoing as if fully incorporated herein.

55. 15 U.S.C. § 1692e speaks for itself and is the best evidence of its content. To the extent the allegations state otherwise, they are denied.

56. Capio denies the allegations in ¶ 56, including its subparts (a) and (b).

57. Capio denies the allegations in ¶ 57.

## PRAYER FOR RELIEF

58. Capio denies that plaintiff is entitled to the relief requested in the final paragraph of his complaint, which begins "WHEREFORE."

## JURY DEMAND

59. ¶ 59 fails to set forth an averment to which a response is required.

AND NOW, in further Answer to the Complaint, Capio avers as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Capio upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation is established, any such violation was not intentional and resulted from a bona fide error, notwithstanding Capio's maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Assuming plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Capio, or for whom Capio is not responsible or liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails in whole or in part to satisfy the requirements for a class action.

## SIXTH AFFIRMATIVE DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

WHEREFORE, defendant, Capio Partners, LLC requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Dated:  September 17, 2020	Respectfully submitted,

/*s/ Aaron R. Easley*
Aaron R. Easley (ae9922)
SESSIONS, FISHMAN, NATHAN & ISRAEL
3 Cross Creek Drive
Flemington, NJ 08822
Telephone: (908) 237-1660
Facsimile:  (908) 237-1663
Email:  aeasley@sessions.legal
*Counsel for Defendant,*
*Capio Partners, LLC*

## CERTIFICATE OF SERVICE

I certify that on September 17, 2020, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

By:	*s/* Aaron R. Easley
	Aaron R. Easley, Esq.